IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **NICHOLAS E. FRENS,** | § |
| | § |
| **Plaintiff** | § |
| | § |
| **-v-** | § |
| | § |
| **CONVERGENT OUTSOURCING, INC.** | § |
| | § |
| **Defendant.** | § |

## COMPLAINT

1. Plaintiff Nicholas E. Frens brings this action to secure redress from unlawful collection practices engaged in by defendant AFNI Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

## VENUE AND JURISDICTION

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications and activities impacted plaintiff within this District, and

    b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiff Nicholas E. Frens is an individual who resides in Newaygo, Michigan.

5. Defendant Convergent Outsourcing Inc. ("Convergent") is a corporation with offices at 800 SW 39th St., Renton WA, 98057. It Conducts and/or transacts business in the State of Michigan.

6. Convergent is engaged in the business of collecting allegedly defaulted debts originally owed to other creditors and incurred for personal, family, or household purposes.

7. Convergent regularly utilizes the mails and telephones in the process of collecting debts.

8. Convergent is a "debt collector," as defined in the FDCPA.

## FACTUAL ALLEGATIONS

9. On February 1, 2016, Convergent sent plaintiff the letter attached as Exhibit 1.

10. Exhibit 1 sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes.

11. The debt in question was for cellular telephone charges made by the cellular telephone carrier Verizon Inc.

12. The Debt went into default, and the last payment was made more than two years prior to the date of the letter.

13. The federal statute of limitations applicable to carriers on cellular telephone charges is two years. 47 U.S.C. §415(a).

14. Exhibit 1 invites Plaintiff to pay 80% of his current balance as a settlement of the debt.

15. Exhibit 1 contains a prominent label of "Settlement Offer"

16. Exhibit 1 contains an added "Collection Cost" in the amount of $236.54.

17. Exhibit 1 does not disclose that a partial payment on a time barred debt revives the statute of limitations clock under Michigan Law. *See Yeiter v. Knights of St. Casimir Aid Soc'y*, 461 Mich. 493, 607 N.W.2d 68, 71 (2000).

18. Exhibit 1 does not disclose the last date that a payment was made on the debt.

19. Defendant engaged in unfair, false, and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10), by dunning consumers on time-barred debts without disclosing that the consumers were under no legal obligation to make payment.

20. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to the collection of old debts past the statute of limitations … When a collector tells a consumer that she owes money and demands payment, it may create a misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States v. Asset Acceptance LLC,* Case No. 8 : 12 CV 182 T 27 EAJ (M.D.Fla.).

21. The Consumer Financial Protection Bureau has asked for input on potential rulemaking regarding time-barred debt. Debt Collection (Regulation F), 78 Fed.Reg. 67,848, 67,875-76 (advance notice of proposed rulemaking given Nov. 12, 2013). According to the CFPB, "[c]onsumers, in some circumstances, may infer from a collection attempt the mistaken impression that a debt is enforceable in court even in the absence of an express or implied threat of litigation." *Id*. At 67,785.

22. The 6th Circuit has held that it is plausible that a "'settlement offer' falsely implies that the underlying debt is enforceable in court. *Buchanan v. Northland Group, Inc.*, 776 F.3d 393 (6th Cir., 2015).

23. Defendant engaged in misleading, unfair, false, and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10), by inviting consumers to pay less than the full balance owed on their account without disclosing that paying less than the settlement amount requested could restart the statute of limitations clock under Michigan law.

24. Defendant engaged in misleading, unfair, false, and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), 1692e(10) and 1692f(1), by adding a collection charge in the amount of $236.54.

WHEREFORE, Plaintiff requests that this Court enter a judgment in favor of Plaintiff against Defendant for:

1. Statutory Damages;
2. Actual Damages;
3. Attorney's fees, litigation expenses, and costs of suit; and
4. Such other relief as the Court finds just and equitable.

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: 10/28/2016                  __/s/_ Jeffrey D. Mapes_____
                                   Jeffrey D. Mapes (P70509)
                                   Attorney for Plaintiff
                                   Jeffrey D. Mapes, PLC
                                   29 Pearl St. NW, Ste. 305
                                   Grand Rapids, MI 49503
                                   Tel: (616) 719-3847
                                   Fax: (616) 719-3857